Henry G. Smith, J.,
delivered the opinion of the Court.
*413 In 1856, the Mayor and Aldermen of Memphis, upon the application of Joseph Lenore, granted to him permission to make an entrance to the basement or cellar of his house, on Madison Street, by a descending stairway, occupying a space extending out from the wall of the house, of the width of five feet of the public sidewalk of the street. Lenore acting under such permission, constructed the stairway, and has used and enjoyed the same for the benefit of the house, until and since the beginning of this action. In 1867, the Mayor and Aldermen enacted an ordinance, requiring the removal of all obstructions from the sidewalks of the public streets, and the closing up of all entrances to basements of buildings, where such entrances encroach on the public sidewalks.
Lenore being duly notified of the ordinance, and required to - close up his stairway, refused and neglected to do so; and thereupon, the Mayor and Aldermen instituted this proceeding before the Police Recorder, to recover the penalty prescribed for violation of the ordinance.
The defense set up by Lenore is, that the grant of permission, and the expenditure of money by him, to construct the stairway, and the long and continued use and enjoyment of it, confer upon him a right of property, not subject to be divested or terminated by the Mayor and Aldermen,' and estop them from revoking the permission.
The defense is without merit. The only effect, which can be given to the permission granted, is of a *414 license determinable and removable at tbe will of the Mayor and Aldermen. Nothing more than that was granted, or intended to be' granted, or understood to be granted, when the application was made and the permission given. The transaction has in it nothing of the quality of contract upon consideration between the parties; nor a surrender or abandonment or release by the city to Lenore, of the right of the public to the unobstructed use of any part of the sidewalk, nor of any estate, interest, or right to Lenore, which he can maintain or hold, against the will of the Mayor and Aldermen.
The use and possession of the stairway being by permission, was not adverse, and therefore can give him no right by prescription or lapse of time. Moreover, the lapse of time in the case has not been enough to raise the bar of the statute of limitations; and besides, the bar of the statute of limitations, does not run against the government, and therefore, an adverse possession for the time prescribed by the statute, would not be available as a defense against the proceeding of the city to abate the nuisance.
In this view of the matter, it is unnecessary to consider, whether and to what extent, the city can, by contract, grant to an individual a portion of a public street, and estop itself from resuming and enforcing the right of the public to the unobstructed use of the portion of street so granted. No contract or grant of the kind exists in this case.
And it is alike unnecessary, to consider whether the *415 city can surrender or abandon the public easement of way in part of a street, so as to exclude the public from the right to the unobstructed use of such part. Here, there has been no such surrender or abandonment, nor any intent so to do.
The obstruction of the sidewalk of a public street, is a nuisance, and a common nuisance. An ordinance of the city, to abate such a nuisance, or to inflict on the person making it, a pecuniary penalty for its existence or continuance, is reasonable and proper, and ought to be enforced by the courts. It may be admitted that the obstruction in the present case, was not a nuisance, punishable by penalty, at the instance of the city, so long as the permission remained unrevoked. It became a nuisance, after the permission was revoked, and Lenore had notice of the revocation; and the failure to remove it, was properly punishable by pecuniary penalty. And the city may abate and remove it by. the police power, if not abated and 'removed by Lenore.
Reverse the judgment.